The Honorable Christopher M. Alston
Chapter 7
Location: Seattle

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>COLLEEN CHRISTENSEN,<br><br>Debtor. | No. 16-15085 |
| EDMUND J. WOOD, Trustee of the Estate of Colleen Christensen,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, on behalf of its agency, the DEPARTMENT OF THE TREASURY, and its bureau, the INTERNAL REVENUE SERVICE,<br><br>Defendant. | Adv. No.<br><br>COMPLAINT FOR AVOIDANCE OF TAX PENALTIES AND INTEREST AND SUBORDINATION OF CLAIM |

COMES NOW the Trustee, Edmund J. Wood, by and through the undersigned attorney, and states and alleges as follows:

## I. PARTIES AND JURISDICTION

1. <u>Plaintiff</u>. Plaintiff is the duly appointed and acting Chapter 7 Trustee in the Chapter 7 Bankruptcy Petition of the debtor above named. The Trustee is authorized to bring this action pursuant to §§ 724 (a), 550 and 551 of the Bankruptcy Code and does so solely in his capacity as Trustee for the estate of Colleen Christensen.

2. <u>Debtor</u>. The debtor filed the present Chapter 7 Bankruptcy Petition on October 6,

**COMPLAINT FOR AVOIDANCE OF TAX PENALTIES AND INTEREST AND SUBORDINATION OF CLAIM - 1**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

2016.

3. <u>Defendant</u>. The Internal Revenue Service is a bureau of the Department of the Treasury, which is an agency of the Defendant, the United States of America (hereinafter referred to as "Defendant IRS").

4. This adversary proceeding is one arising in the Chapter 7 case of the above named debtor now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 724 and 550. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (B), (K) and/or (O).

## II. FIRST CAUSE OF ACTION
Avoidance of Tax Penalties and Interest - 11 U.S.C. § 724 (a)

5. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 4 above, inclusive, as though fully set forth herein.

6. On or about January 19, 2017, Defendant IRS filed a Proof of Claim in this proceeding in the amount of $290,312.81 (Claim No. 5-1). This claim was amended on January 20, 2017 (Claim No. 5-2) and again on January 27, 2017 (Claim No. 5-3).

7. Claim No. 5-3 includes penalties in the amount of $47,030.87 and interest, in part accruing on such penalties, in the total amount of $73,131.54.

8. 11 U.S.C. § 724 (a) provides that the Trustee may avoid a lien that secures a claim of a kind specified in § 726 (a)(4) of this Title.

9. In turn, 11 U.S.C. § 726 (a)(4) defines an allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture arising before the earlier of an order for relief or the appointment of a Trustee, to the extent that such fine or penalty is not compensation for actual pecuniary loss suffered by the holder of the claim.

**COMPLAINT FOR AVOIDANCE OF TAX PENALTIES AND INTEREST AND SUBORDINATION OF CLAIM - 2**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

10. The taxes referred to above, as penalties, were not compensation for any pecuniary loss suffered by Defendant IRS.

11. The taxes referred to in Defendant IRS' Claim No. 5-3 were assessed between November 27, 2006 and November 30, 2009, and for which liens were recorded between September 14, 2009 and December 28, 2011.

12. In accordance with the above, the penalties and the interest on such penalties should be avoided in an amount up to $120,162.41 pursuant to 11 U.S.C. § 724 and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

### III. SECOND CAUSE OF ACTION
Tax Lien Subordinated to Costs of Administration - 11 U.S.C. § 724 (b)(2)

13. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 12 above, inclusive, as though fully set forth herein.

14. Claim No. 5-3 includes a secured tax claim in the amount of $157,683.25 against real property of the estate located at 3917 E Olive St, Seattle, WA (APN 5026900185) and legally described as follows:

> Lots 1 and 2, Block D, Madrona Heights Addition, according to the plat thereof recorded in Volume 9 of Plats, page 100, records of King County, Washington.
> Situate in the County of King, State of Washington.

15. 11 U.S.C. § 724 (b)(2) provides that property of the estate that is subject to a lien that is not avoidable, and that secures an allowed claim for a tax, is to be distributed after the payment of administrative expenses of the kind specified in 11 U.S.C. § 507 (a)(1)(C) and allowed pursuant to 11 U.S.C. § 503 (b)(2).

16. Plaintiff is the holder of administrative expense claims as specified in 11 U.S.C. § 507 (a)(1)(c) and they should be allowed pursuant to 11 U.S.C. § 503 (b)(2), and paid prior to the

**COMPLAINT FOR AVOIDANCE OF TAX PENALTIES
AND INTEREST AND SUBORDINATION OF CLAIM - 3**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

secured claim of Defendant IRS.

WHEREFORE, Plaintiff prays for judgment as follows:

a) For avoidance of Defendant IRS' penalties and interest in an amount up to $120,162.41 pursuant to 11 U.S.C. £ 724, and preserved for the benefit of the estate pursuant to 11 U.S.C.§ 551;

b) For subordination of Defendant IRS' secured claim in the amount of $157,683.25 to costs of administration of the Chapter 7 Trustee herein; and

c) For such other and further relief as the Court deems equitable and just.

DATED this 11th day of May, 2017.

/s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Plaintiff

C:\Shared\KAE\Dox\CChristensen\cmp\IRS\penalties_cmp.wpd

**COMPLAINT FOR AVOIDANCE OF TAX PENALTIES AND INTEREST AND SUBORDINATION OF CLAIM - 4**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002